IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| THOMAS L. IDE,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES INTERNAL REVENUE SERVICE, and CASSANDRA CADDELL, Revenue Agent,<br><br>        Respondents. | MC 12-13-BLG-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Petitioner Thomas L. Ide ("Ide"), appearing *pro se*, petitions the Court to quash a third-party summons issued by Respondent the United States Internal Revenue Service ("IRS") through its agent, Respondent Cassandra Caddell ("Caddell"). *Petition to Quash IRS Third Party Summons* (*ECF 1*).[1] Ide claims Respondent the United States of America ("US"), the IRS, and Caddell (collectively

---

[1]The ECF citation refers to the document as it is numbered in the Court's electronic filing system. Citations to page numbers refer to those assigned by the ECF system.

"Respondents"), violated statutory provisions governing issuance of third-party summonses when Caddell issued a summons to First Citizens Bank in Polson, Montana, seeking some of Ide's financial records. *Id. at 2-3*. Ide asks the Court to quash the summons and seeks other relief. *Id. at 4*.

Respondents have moved to dismiss Ide's petition. *Mtn. to Dismiss (ECF 3)*. Having reviewed the record, the Court recommends that Respondents' motion be granted for the reasons discussed below.

I. **BACKGROUND**

According to Respondents' motion and Caddell's declaration filed in support thereof, the IRS is performing an examination to determine Ide's correct federal income tax liability for tax years 2009 through 2011. *ECF 3 at 3*. As part of the examination, Caddell served an IRS administrative summons on First Citizens Bank directing it to produce books, records, papers, and other data described in the summons. *Id*.

In seeking to quash the summons, Ide argues that: (1) the summons violates 26 U.S.C. § 7609(b) because the IRS failed to timely notify Ide of the summons, *ECF 1 at 2-3*; (2) the IRS failed to give Ide

advanced notice of contact with a third party or to provide him with a record of persons contacted by the IRS as required by 26 U.S.C. § 7602(c)(1) & (2), *id. at 3*; (3) the IRS issued the summons while a referral for criminal prosecution was pending with the Department of Justice in violation of 26 U.S.C. § 7602(d)(2)(A), *id.*; (4) the IRS failed to meet the "good faith" requirement of *United States v. Powell*, 379 U.S. 48 (1964), because of the foregoing violations, *id.*; and (5) Respondents have caused or will cause the violation Ide's federal and state privacy rights by having his records turned over to the IRS, *id. at 3-4*.

## II. <u>RESPONDENTS' ARGUMENTS</u>

Respondents first argue that the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity. *ECF 3 at 4-6*. They argue that: (1) the Internal Revenue Code provides authority for the issuance of third-party summonses to aid the IRS in income tax assessment and collection, *id. at 5*; (2) Caddell provided the proper statutory notice to Ide in issuing the summons at issue here, *id.*; and (3) Ide did not timely move to quash the summons in accordance with the applicable statute thus depriving

the Court of subject matter jurisdiction, *id. at 5-6*.

Second, Respondents argue that the Court lacks personal jurisdiction over the United States because Ide has failed to properly effect service. *Id. at 7-8*. Thus, Respondents argue, the Court should dismiss the matter for insufficient service of process. *Id. at 8*.

## III. <u>DISCUSSION</u>

To date, Ide has not responded to Respondents' motion to dismiss. On March 19, 2013, the Court granted his motion for additional time to respond, and set April 18, 2013, as the deadline for Ide to file his response. He failed to do so. When a party opposing a motion fails to file a response, the Court has the discretion to deem the failure "an admission that the motion is well-taken." *Local Rule 7.1(d)(1)(B)*.

Before recommending that Respondents' motion to dismiss be granted, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53

(9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In *Ghazali*, the Ninth Circuit affirmed a dismissal, pursuant to a district court local rule similar to Local Rule 7.1(d)(1)(B), for failure to respond to a Rule 12(b)(6) motion to dismiss. Courts reached similar results in *Lund v. Brenner*, 163 F.3d 606 (9th Cir. 1998) (table) and *Roberts v. United States*, 2002 WL 1770930 (D. Nev. 2002).

Like the authorities above, after consideration of the *Henderson* factors, the Court concludes that dismissal of Ide's petition is appropriate. The first factor weighs strongly in favor of dismissal. At this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of the matter. This is particularly true where, as here, the party bringing the action, after filing it, has failed to prosecute it further.

The second factor weighs strongly in favor of dismissal. Ide's failure to respond to Respondents' motion undermines the Court's ability to expedite resolution of the action. *See Saba v. Caplan,* 2010 WL 4235473 (N.C. Cal. 2010) (motion to dismiss granted where plaintiff failed to respond). Such non-compliance with Court rules inherently

delays resolution of the case and insures detriment to other litigants. This Court's ability to manage its docket is enhanced when, in the exercise of its discretion, it is permitted to summarily dispose of cases brought by a litigant who fails to respond to dispositive motions or to follow the Court's Local Rules.

The third factor weighs in favor of dismissal. Respondents in this action should suffer no prejudice by the dismissal of Ide's petition.

The fourth factor generally weighs against dismissal. This policy lends little support, however, to those parties responsible for moving a case forward but whose conduct impedes progress in that direction. In *Metcalf v. Select Portfolio Servicing, Inc.,* 2011 WL 1768755 (S.D. Cal. 2011), the court noted that "[a] case cannot move toward resolution on the merits when Plaintiff fails to defend his case against a Rule 12(b)(6) and (e) motion." The Court is not required, as it would be in granting a motion for summary judgment under these circumstances, to consider the sufficiency of Respondents' motion to dismiss. *See Ghazali*, 46 F.3d at 54; *see also Henry v. Gill. Ind., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993).

Finally, as to the fifth factor, it is possible that the Court could adopt less drastic sanctions by, *sua sponte*, ordering Ide to file a response to the motion. But the Court is reluctant to do so for the following reasons.

First, the other factors weigh strongly in favor of dismissal. Second, Ide brought this action. Although the Court must afford *pro se* litigants' pleadings liberal construction, such litigants are nevertheless "bound by the rules of procedure" the same as other litigants. *Ghazali*, 46 F.3d at 54. By bringing this action, Ide has assumed an affirmative responsibility to participate in the proceedings in accordance with the rules. His failure to do so imposes a strain on judicial resources and, more significantly, works unfair prejudice upon Respondents compelled to appear to defend themselves. The Court concludes that the fifth *Henderson* factor weighs in favor of dismissal.

Thus, the Court concludes after consideration of the *Henderson* factors that Respondents' motion to dismiss should be granted. In so recommending, the Court notes that the deficiencies in Ide's petition cannot be cured by amendment in light of the type of action and the

nature of relief sought.

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Respondents' motion to dismiss *(ECF 3)* be GRANTED and that Ide's petition to quash IRS summons *(ECF 1)* be DISMISSED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 23rd day of April, 2013.

/s/ Carolyn S. Ostby  
United States Magistrate Judge